UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
F I L E D
MAY 2 1 2010
AT LEXINGTON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 10-cr-60-KSF

UNITED STATES OF AMERICA                                        PLAINTIFF

V.                          **PLEA AGREEMENT**

ARTHUR EUGENE BUTLER                                            DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Information, charging a violation of 18 U.S.C. § 2252(a)(2), Receipt of Child Pornography.

2. The essential elements of the crime charged in the Information are:

    (a)  The Defendant knowingly received a visual depiction using any means or facility of interstate or was transported in interstate commerce by any means, including by computer;

    (b)  The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

    (c)  That such visual depiction was of a minor engaged in sexually explicit conduct;

    (d)  The Defendant knew that such visual depiction was of sexually explicit conduct; and

    (e)  The Defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

3. As to the offense charged in the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On or about August 21, 2009, a private citizen arrived at the Georgetown Police Department with four CDs that reportedly contained child pornography. The citizen stated that the CDs belonged to Arthur Butler and were taken from Butler's residence. A review of the CDs confirmed that the CDs contained multiple videos of children engaged in various forms of sexually explicit conduct. Based upon the information provided to law enforcement and the contents of the CDs, a search warrant was obtained for the residence of Arthur Butler on August 21, 2009. Upon the execution of that warrant, additional child pornography was located in the residence.

(b) Arthur Butler was present during the execution of the search warrant. Butler admitted that he had received and possessed child pornography via Limewire, a file sharing program. Butler admitted that he received the videos through use of the internet, a means and facility of interstate commerce, and that some of the images or videos were produced out of state and traveled in interstate commerce prior to being possessed by him.

(c) Butler admits that he possessed in excess of twenty videos of minor male and females engaged in sexually explicit conduct. The Defendant admits that some of these videos contained prepubescent children engaged in sexually explicit conduct and that he was aware the videos contained children engaged in sexually explicit conduct at the time he received them.

4. The maximum statutory punishment for the count contained in the Information is imprisonment for not less than 5 years, nor more than 20 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years nor more than life. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States recommends the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (A) United States Sentencing Guidelines (U.S.S.G.), November 1, 2009, manual, will determine the Defendant's guideline range.

    (B) Pursuant to U.S.S.G. § 2G2.2(a)(1), the base offense level is 22 because the Defendant was convicted of an offense under 18 U.S.C. §2252(a)(2).

    (C) Pursuant to U.S.S.G. § 2G2.2(b)(2), increase the offense level by 2 levels because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.

    (D) Pursuant to U.S.S.G. § 2G2.2(b)(4), increase the offense level by 4 levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.

    (E) Pursuant to U.S.S.G. § 2G2.2(b)(6), increase the offense level by 2 levels because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material.

    (F) Pursuant to U.S.S.G. § 2G2.2(b)(7)(C), increase the offense level by 5 levels because the offense involved 600 or more images.

    (G) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. No agreement exists about whether the Defendant distributed, or intended to distribute sexually explicit images of minors, and therefore, whether he is entitled to a decrease in his offense level pursuant to U.S.S.G. § 2G2.2(b)(1) or an increase in the defendants offense level pursuant to U.S.S.G. § 2G2.2(3).

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.

9. The Defendant will forfeit to the United States all interest in the items set forth in the forfeiture allegation contained in the Information and will execute any documents necessary for this forfeiture.

10. The Defendant has been advised, and understands, that, under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: where the Defendant resides; where the Defendant is an employee; and where the Defendant is a student. The Defendant understands that the requirements for registration include providing the Defendant's name, residence address, and the names and addresses of any places where the Defendant is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the

registration current includes informing at least one jurisdiction in which the Defendant resides, is an employee, or is a student not later than three business days after any change of the Defendant's name, residence, employment, or student status. The Defendant has been advised, and understands, that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

11. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs. The Defendant agrees that any unpaid penalty will be submitted to the United States Treasury for offset. If the Defendant fails to comply with any of the provisions of this paragraph, the United States will not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date: 5/21/10    By: _____
                     Erin J. May
                     Assistant United States Attorney

Date: 5/21/10    _____
                 Arthur Eugene Butler
                 Defendant

Date: 5/21/10    _____
                 Louis W. Rom
                 Attorney for Defendant

6

**APPROVED**, this _____ day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE